**UNITED STATES of America**

v.

**Jimmy Lee BARNER.**

**No. 1:08–CR–00170–BRW–JJM.**

United States District Court, W.D. New York.

Sept. 20, 2012.

Joseph M. Tripi, John McRae Alsup, U.S. Attorney's Office, Buffalo, NY, for United States of America.

Herbert L. Greenman, Lipsitz Green Scime Cambria LLP, Buffalo, NY, for Jimmy Lee Barner.

**ORDER**

BILLY ROY WILSON, District Judge.

The Government has indicated that it may call Mr. Kerry Eldridge as a witness.

Mr. Eldridge testified in a related state court case[1] against this Defendant—that state court case involved facts related to this case. The state court case was tried non-jury before the Honorable Christopher J. Burns. In his Memorandum Decision, Judge Burns made this statement ("finding") regarding Mr. Eldridge's credibility:

The identification witness's story was inconsistent and at times diverged from the physical evidence. As such, it was unreliable and failed to establish proof beyond a reasonable doubt.

Judge Burns's two page Memorandum Decision is attached to this Order.

Defense counsel requested a pre-trial ruling which would allow him to cross-examine Mr. Eldridge regarding Judge Burns's finding. I initially denied the request.

After additional reflection and a re-reading of the two most pertinent Second Circuit cases,[2] I conclude that defense counsel should be permitted to cross-examine Mr. Eldridge regarding Judge Burns's findings as to Mr. Eldridge's credibility.

At first blush it appears to me that the Second Circuit has "over read" F.R.E. 608(b). It would be one thing to cross examine Mr. Eldridge regarding his prior inconsistent statements—which the jury could believe were false (probative of the witness's character for truthfulness); but why wouldn't the admission of Judge Burns's "findings" regarding these statements be "extrinsic evidence" which is expressly prohibited by F.R.E. 608(b)? There is no suggestion that Judge Burns made these "findings" beyond a reasonable doubt, so the "findings" are not tantamount to a perjury or false statement conviction under F.R.E. 609.

I wonder, too, why Judge Burns's statement would not be hearsay. Isn't it an out-of-court statement offered to prove truth of the matter asserted in the statement?[3]

Let me hasten to add two caveats:

1. When the Second Circuit has spoken, I am bound when I am presiding in this circuit, i.e., when the big dog barks, the little dog needs to run back under the porch.

2. We are in the midst of a jury trial, thus I haven't had much time to cerebrate about this issue.

---

1. *The People of the State of New York v. Jimmy Lee Burner,* No 2008–00747 (July 22, 2009).

2. *United States v. Cedeno,* 644 F.3d 79 (2d Cir.2011); *United States v. White,* 692 F.3d 235 (2d Cir.2012).

